UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SEAN A LEONARD,<br>            Plaintiff,<br><br>            v.<br><br>DONALD TRUMP,<br>            Defendant. | ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br>25-10226-NMG |

ORDER

GORTON, J.

Pro se litigant Sean Leonard has filed a civil complaint, a
motion for leave to proceed in forma pauperis, and a motion to
recuse.  For the reasons set forth below, the Court will DENY
the motion to recuse and order that this action be DISMSSED.

I.    Complaint

The only factual allegation in Leonard's complaint is that
he "encountered Donald Trump in April of the year 2018 after a
12517 33rd Ave. #401 Seattle WA 98125 tenant eviction," and that
the encounter occurred on Aurora Boulevard in Seattle.  (Docket
# 1 at 4).  Leonard included with his pleading a "Freedom of
Information Act Request" for the Naval Criminal Investigative
Service, a "Pre-Authorization Request for Medical Care," in
which he describes his diagnosis or illness as "Company-Dialect
Red-Flagged with 'Green Alarm' Attracts Global-Fragility-Felons
Inside and Outside NAVINSTR 1610.2a," a civil cover sheet for

the Massachusetts Land Court Department with fictitious names as parties (Docket # 1-2 at 1-3).  Leonard included other miscellaneous documents, including one with "Missile Test Dictating Secret Assignment" hand-written in the top margin. Id. at 6.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2.  A "Case" or "Controversy" exists when a plaintiff can demonstrate "(i) that []he has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024).  The federal courts cannot "operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" Id. at 379 (quoting Allen v. Wright, 468 U.S. 737, 760 (1984)).

Leonard's submissions do not set forth a "Case" or "Controversy" as the terms are used in Article III. They do not include any comprehensible allegations that Donald Trump or any officer of the United States has injured or likely will injure him.  The Court cannot provide Leonard any judicial relief in these circumstances.

## II.  Motion to Recuse

By federal statute, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where the judge has a personal bias or prejudice against a party. 28 U.S.C. § 455(a); 28 U.S.C. § 144.  Leonard has not identified any basis for recusal.  Rather, his motion is populated with arbitrary phrases such as "Sovereign Immunity," Non-Negotiable Sexual Identity," and "Treason Analysis Lift Gait." (Docket # 4).  Therefore, the motion is DENIED.

## III. Conclusion

In accordance with the foregoing, the Court hereby orders:

1.    The motion to recuse (Docket # 4) is DENIED.

2.    This action is DISMISSED for lack of jurisdiction.

3.    The motion for leave to proceed in forma pauperis (Docket # 2) shall be terminated as moot.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: 07/28/2025